UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KATHRYN L. NOLAN,** *et al.*,

    **Plaintiffs,**

v.

**RICHARD D. WETZEL,** *et al.*,

    **Defendants.**

:

Case No. 2:23-cv-895
Judge Sarah D. Morrison
Magistrate Judge Kimberly M. Jolson

:

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion for Judgment on the Pleadings filed by all Defendants except for Dorrit Preuss. (ECF No. 22.) Plaintiffs filed a response to the Motion (ECF No. 24), and the moving Defendants filed a Reply (ECF No. 25). For the reasons set forth below, the Motion is **GRANTED,** and judgment is granted to all Defendants.

**I.    COMPLAINT ALLEGATIONS**

On March 7, 2023, Kathryn L. Nolan and Ann Vosburg filed this action against Richard D. Wetzel (Mayor of the Village of Chesterhill[1]); several Village councilpersons (Kathy Smedley, Paul John, Chasity Mayle, Helen Seyfried, Ron L. Mayle, Jr., Ken Peters, and Terry Fleming (retired)); Randy Shook (Village Administrator); Gordon Armstrong (retired Village Administrator); Jerica Simmons (Fiscal Officer); and Dorrit Preuss. Plaintiffs assert as follows:

---

[1] The Court uses the titles used by the Plaintiffs in their Complaint for each Defendant.

1

> Plaintiffs declare these listed people, individually and/or as a group targeted the plaintiffs over a period of years (and years) causing severe emotional and financial distress, ultimately leaving plaintiffs on the street homeless.
>
> Plaintiffs request relief through the 1983 Civil Rights Act.

(ECF No. 1, PAGEID # 3.)

Plaintiffs filed a previous suit in 2019 against many of the same Defendants and certain other individuals involved in the administration of Chesterhill, which suit was dismissed without adjudication of the merits. (*See* Order, ECF No. 38, *Nolan, et al. v. Village of Chesterhill, et al.*, No. 2:19-cv-3963 (Sept. 3, 2020).) And, proceeding without Ms. Vosburg, Ms. Nolan also filed a suit in 2009 against some of the same Defendants and several other individuals. (*See* Compl., ECF No. 2, *Nolan v. Jenkins, et al.*, No. 2:09-cv-942 (Oct. 21, 2009).) The Court ultimately entered summary judgment against Ms. Nolan in the 2009 suit. (*See* Opinion and Order, ECF No. 55, *Nolan v. Jenkins, et al.*, No. 2:09-cv-942 (Mar. 26, 2012).)

## II. JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule

12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). When evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015); *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc.,* 487 F.3d at 476. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal citations and quotations omitted).

These standards also apply when the plaintiff is proceeding *pro se*. Although a *pro se* litigant is entitled to a liberal construction of her pleadings and filings, she still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d

3

712, 716 (6th Cir. 2005). Every plaintiff, regardless of whether she has counsel, "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

The Complaint in this case is plainly insufficient. It contains no factual allegations regarding any actions taken by any of the Defendants, the cause of Plaintiffs' emotional and financial distress, or the cause of Plaintiffs' homelessness. And, although the Complaint references the "1983 Civil Rights Act" (which the Court assumes is a reference to 42 U.S.C. § 1983), Plaintiffs do not allege that any of the Defendants were acting under the color of state law, and they do not allege that they have been deprived of any constitutional or federal statutory right. These deficiencies in the Complaint apply not just to the moving Defendants but to Dorrit Preuss as well.

## III. LEAVE TO AMEND THE COMPLAINT

Although plaintiffs with arguable claims are ordinarily given an opportunity to amend their complaint before an action is dismissed (*see Neitzke v. Williams,* 490 U.S. 319, 329 (1989)), it is not appropriate to do so here. *See, e.g.*, *Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir. 1997) (dismissal of a *pro se* plaintiff's complaint for failure to state a claim is appropriate "where it is patently obvious

that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile").

This is the third suit filed by Ms. Nolan and the second filed by Ms. Vosburg. They have been previously advised of the requirements of Rule 8 and have had ample opportunity to bring sufficient claims. Amendment of their Complaint would be futile.

## IV. Conclusion

The Motion for Judgment on the Pleadings (ECF No. 22) is **GRANTED,** and judgment is granted in favor of all Defendants.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**